THE STATE OF IOWA, Appellee, v. ADELAID HENDERSON, Appellant.

## Appeals in Criminal Cases: SUBMISSION WITHOUT TRANSCRIPT OR ASSIGNMENTS OF ERROR.

*Appeal from Polk District Court.*—HON. MARCUS KAVANAGH, Judge.

WEDNESDAY, OCTOBER 7, 1891.

THE defendant was indicted December 14, 1889, for keeping a house of ill fame.; and, having been tried and convicted, and her motion for a new trial overruled on September 8, 1890, judgment that' she be imprisoned in the penitentiary at Anamosa for six months was entered; to all of which the defendant excepted, and from which she appeals.—*Affirmed.*

*McHenry & McHenry,* for appellant.

*John Y. Stone,* Attorney General, for the State.

GIVEN, J.—I. This case is submitted without arguments or assignments of error, and upon a partial transcript containing only a copy of the indictment and its indorsements, and the journal entry showing the overruling of the defendant's motion for a new trial and the judgment of imprisonment. The proceedings had upon the trial are not shown, nor is the motion for new trial, nor any of the grounds thereof. The indictment and its indorsements are in due form, and the judgment is as authorized by statute. No errors are pointed out in argument or otherwise, and we fail to discover any upon a careful examination of this partial transcript. Not having the record of the trial before us, we cannot say whether there were errors in the trial or not; and, not having the motion for new trial, we cannot say whether or not the court erred in overruling the same. Numerous criminal cases have recently been appealed from the district court of Polk county, and presented to this court in the same imperfect and unsatisfactory way. We are at a loss to know why such appeals are taken, or, when taken, why they are not prosecuted in the usual manner. Under the liberal practice of this court, allowing cases to be submitted in writing when the party is unable to pay for printing, there would seem to be no excuse for not fully presenting the appeal. If there be any grounds for an appeal, counsel who have undertaken the defense of an accused certainly owe it to their clients to faithfully prosecute the appeal. There may be sufficient reason why this appeal has not been prosecuted in the usual way, but the frequency with which cases have been submitted as this is calls for disapproval by this court.

As we find no error in the proceedings, as shown by the partial transcript before us, the judgment of the district court is AFFIRMED.